The opinion of the Court was delivered by
O’Neall, C. J.
This case, which was so much protracted on the circuit, will have to go back, but only upon the second ground of appeal and the fifth, twelfth, and thirteenth specifications ; all the other matters have been satisfactorily passed upon, and are not intended to be opened again for re-examination. The verdict is found under the fifth, twelfth, and thirteenth specifications, but is only nominally so found under the twelfth and thirteenth specifications ; for it has no relation to any facts set forth in them.
It does not appear that the Circuit Judge gave such a charge as is set out in the second ground of appeal. He referred it to the jury to say whether any of the items were fraudulently introduced into the confession to defeat, delay, or hinder the creditors; and the jury responded by finding *26 the confession of judgment to be fraudulent, as to five hundred and fifty, and fourteen hundred and forty-nine, dollars. The question is, whether that finding can be sustained.
A judgment is evidence of lona fieles until in some way the contrary is made to appear. On the present occasion, the testimony of Mr. Brunson, the clerk, instead of impeaching the judgment, went.to sustain it. He says, “As to the item of five hundred and fifty dollars, there was no note ; where it came from I cannot now recollect, though it then was explained to me.” This, instead of discrediting the judgment in that particular, leaves it as it was before. ■ It is protected by the confession. As to the item of fourteen hundred and forty-nine dollars, that is fully explained: “ the parties said it was for Mahala and her children.” The suspicion against the judgment was, that it was between father and son, but that is noi ground upon which it can be set aside. The father would be naturally expected to afford aid to his child who was struggling with adverse fortune; and after so aiding him it is natural to suppose that reimbursement would be sought from the wreck of his fortune. But a mere suspicion cannot affect a judgment. It caunot be pronounced fraudulent or set aside on any such ground. The motion for a new trial in these particulars is granted.
Wardlaw, J., concurred.

Neiu trial ordered.